UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CV 10-663

| | |
|---|---|
| RICHARD ALLEN,<br><br>        Plaintiff,<br>v<br><br>SPECIAL SERVICE FREIGHT<br>COMPANY OF THE CAROLINAS, INC.<br>STEVEN R. PERRIMAN, an individual,<br>AND PAUL KING, an individual<br><br>        Defendants. | AMENDED COMPLAINT<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

Plaintiff Richard Allen brings this lawsuit against Defendants, et al, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, as well as the North Carolina Wage and Hour Act and other state court claims.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is a resident and citizen of Mecklenburg County, North Carolina.

4. Defendant Special Service Freight Company of the Carolinas, Inc. is a North Carolina corporation with its principal office in Charlotte, North Carolina.

5. Defendant Steven R. Perriman is a citizen and resident of Iredell County, North Carolina.

6. Upon information and belief, Defendant Paul King, is a citizen and resident of Gaston County, North Carolina.

## FACTS

7. Defendants own and operate the Defendant trucking company, Special Service Freight Company of the Carolinas, Inc.

8. Plaintiff was employed as a dispatcher from May 2006 to October 10, 2010.

9. At all times relevant, Defendant King was the Plaintiff's Terminal Manager.

10. At all times relevant, Defendant Perriman was the owner.

11. Pursuant to Defendants' uniform and companywide policies and practices, which existed for more than three years prior to the filing of this complaint and continue to exist to this date, the primary duty of Plaintiff was not management.

12. Pursuant to Defendants' uniform and companywide policies and practices, the dispatchers do not customarily and regularly direct the work of two or more full-time employees or their equivalent in any given week.

13. Pursuant to Defendants' uniform and companywide policies and practices existing for at least three (3) years prior to the filing of this Complaint, Plaintiff was required to regularly work between 50 to 85 hours per week for a salaried amount without overtime compensation required under the FLSA or the North Carolina Wage and Hour Act.

14. Pursuant to Defendants' uniform and companywide policies and practices, existing for at least three (3) years prior to the filing of this Complaint, Plaintiff and other dispatchers did not receive any overtime compensation for time worked over 40 hours in a workweek in spite of working between 10 and 45 hours a week over the required 40 hours and the primary duty of those dispatchers was spent performing non-managerial job duties.

15. In spite of the clear and unambiguous language of the FLSA requiring otherwise, said Defendants have maintained a policy of requiring dispatchers employees to work "off the clock".

16. Pursuant to Defendants' uniform and companywide policies and practices existing for at least three (3) years prior to the filing of this Complaint, Plaintiff was required to regularly work on-call time in certain weeks during his employment. Plaintiff was paid a flat rate of between $75 and $150 per week that he worked on-call time no matter how many hours Plaintiff was on call.

17. During the on-call time, Plaintiff was required to perform all of the same duties as while he was at the office, including answering the phones, being on the computer and going back to the office when necessary.

18. Plaintiff worked more than 70 on-call hours during every week he was on-call. The on-call time was not compensated in accordance with the minimum wage or overtime requirements of the FLSA or the North Carolina Wage and Hour Act.

19. By failing to pay Plaintiff appropriate minimum wage and overtime compensation, Defendants has acted willfully and with reckless disregard of clearly applicable FLSA and North Carolina Wage and Hour Act provisions.

20. Defendant King directs the work of the Plaintiff and other dispatchers and has a direct role in the management and employment policies and decisions relating to wages and hours worked.

21. At all times relevant, Defendants King and Perriman were in control and made the decisions regarding whether to pay Plaintiff and other dispatchers overtime in accordance with the FLSA .

3

Case 3:10-cv-00663-GCM   Document 8   Filed 01/07/11   Page 3 of 10

22. By failing to pay Plaintiffs and other Managers appropriate overtime and minimum wage any compensation, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and North Carolina Wage and Hour Act laws. Moreover, Defendants have caused Plaintiff to suffer significant monetary damages.

## COUNT I
### (Alleging Violations of the FLSA)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

25. The FLSA requires that covered employees receive minimum wages in accordance with 29 U.S.C. § 206(a).

26. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

27. Plaintiff is a covered employee entitled to the FLSA's protections.

28. Plaintiff is not exempt from receiving FLSA overtime benefits because, *inter alia,* they are not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0 *et seq.*

29. That at all times material to this action, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

30. That at all times relevant to this action, Defendants were "employers" of the Plaintiff as defined by §203(d) of the FLSA, which definition includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

31. That at all times relevant to this action, the Plaintiff has been an "employee" of

4

the Defendants as defined by § 203(e)(1) of the FLSA, and worked for the Defendants within the territory of the United States within (3) three years preceding the filing of this lawsuit.

32. Defendants violated the FLSA by failing to pay Plaintiff the appropriate minimum wage for all time spent while on-call.

33. Defendants violated the FLSA by failing to pay Plaintiff proper compensation for time spent working in excess of 40 hours during the workweek.

34. That the systems, practices and duties of the Defendants have existed for at least three (3) years throughout the Defendants' business.

35. That for at least three (3) years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide dispatchers with overtime compensation.

36. In spite of this knowledge, the Defendants have failed to pay their employees the mandatory lawful minimum wage and overtime compensation to conform the duties of these employees to the requirements of the FLSA.

37. The Defendants have intentionally and repeatedly misrepresented the true status of the proper compensation to its employees as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.

38. The Plaintiff relied upon these misrepresentations by Defendants and was unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

39. That as a result of the actions of Defendants in fraudulently concealing the true status of its dispatchers under the FLSA, the applicable statute of limitations

governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.

40. The Defendants are estopped from raising such statute of limitations as a bar.

41. That Defendants have engaged in the widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 206 and 207 of the FLSA.

42. Defendants have not made a good faith effort to comply with the FLSA.

43. Defendants regularly and improperly fail to pay their dispatchers minimum wage and overtime as required by the FLSA.

44. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with §206 and 207 of the FLSA.

45. In addition to the amount of unpaid wages and benefits owing to the Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) as well as prejudgment interest.

46. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

47. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

48. As a result of the Defendants' actions, Plaintiff has suffered significant monetary damages.

## COUNT II
**(Failure to Pay Wages – North Carolina Wage and Hour Act)**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Defendants are "employers" within the meaning of N.C.G.S. §95-25.2(5).

51. Plaintiff is an "employee" of Defendants within the meaning of N.C.G.S. §95-25.2(4).

52. "Wages" are defined in N.C.G.S. §95-25.2(16) to include: sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments.

53. Defendants have failed to pay wages owed to the Plaintiff.

54. Defendants have failed to pay Plaintiff overtime pursuant to N.C.G.S. §95-25.3.

55. Defendants have failed to pay Plaintiff overtime pursuant to N.C.G.S. §95-25.4.

56. Pursuant to N.C.G.S. §§95-25.6 and 95-25.7, every employer shall pay every employee all wages accruing to the employee on the regular payday. Wages based on bonuses, commissions or other forms of calculation shall be paid on the first regular payday after the amount becomes calculable when a separation occurs.

57. Defendants have failed and refused to pay such wages in accordance with N.C.G.S. §§95-25.6 and 95-25.7.

58. Pursuant to N.C.G.S. § 95-25.22, any employer who violates N.C.G.S. §§ 95-25.3, 95-25.4, 95-25.6 and 95-25.7 is liable to the employee for the following: (a) the amount of wages due, plus interest at the legal rate; (b) liquidated damages in an amount equal to the amount found to be due; and (c) court costs and reasonable attorneys fees.

59. On or about October 20, 2010, Plaintiff demanded all wages due and owing to be paid. Defendants have continued to fail and refuse to pay the sums owed to Plaintiff.

60. Plaintiff has been forced to file this lawsuit and incur attorney's fees to recover wages owed.

61. As a proximate result of Defendants' actions herein, Plaintiff has been damaged and is entitled to an award of back pay, court costs and reasonable attorney's fees.

## COUNT III
### (Defamation, Libel, Slander Per Se– Defendant King)

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Defendant King has made slanderous, libelous and derogatory comments to current and former employees and clients of both Plaintiff's current employer and Defendants' company, including, but not limited to a statement in November and December of 2010 that Plaintiff has been to prison and that he is leaving his wife.

64. Defendant King has also made a false police report against Plaintiff.

65. Upon information and belief, the statements referred to in the foregoing paragraphs, as well as other similar statements impugning the character of Plaintiff were made orally and in writing.

66. Such comments, published by Defendant King in oral and written communications, adversely affect Plaintiff's reputation in his trade and are untruthful, constituting libel and slander per se.

67. Plaintiff has been damaged by Defendants' slanderous, libelous and defamatory comments in an amount to be determined at trial.

68. Defendant Kings' actions regarding its defamatory comments were undertaken with malice or willful or wanton conduct. Plaintiff is entitled to an award of punitive damages in an amount greater than $75,000.

## COUNT IV
### (Defamation, Libel, Slander Per Se – Defendant Special Services)

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Defendant King has made slanderous, libelous, and derogatory comments to current and former employees and clients of both Plaintiff's current employer and Defendants' company, including, but not limited to a statement in November and December of 2010 that Plaintiff has been to prison and that he is leaving his wife.

71. Defendant King has also made a false police report against Plaintiff.

72. Upon information and belief, the statements referred to in the foregoing paragraphs, as well as other similar statements impugning the character of Plaintiff were made orally and in writing.

73. Such comments, published by Defendant King in oral and written communications, adversely affect Plaintiff's reputation in his trade and are untruthful and constitute libel and slander pe se.

74. Defendant King's actions were made within the scope of his employment with Defendant Special Services.

75. Defendant Special Services has ratified Defendant King's conduct.

76. Defendant King's conduct, as ratified by Defendant Special Services, was done with the intent of damaging Plaintiff's reputation and clients of his new employer, which is a direct competitor of Defendant Special Services.

77. Plaintiff has been damaged by Defendants' slanderous, libelous and defamatory comments in an amount to be determined at trial.

9

78. Defendants actions regarding its defamatory comments were undertaken with malice or willful or wanton conduct. Plaintiff is entitled to an award of punitive damages in an amount greater than $75,000.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

    A.    An injunction prohibiting Defendants from engaging in future violations of the FLSA and the North Carolina Wage and Hour Act;

    B.    An order holding Defendants jointly and severally liable for back pay damages to the fullest extent permitted under federal and state law;

    C.    An order holding Defendants jointly and severally liable for liquidated damages and penalties to the fullest extent permitted under federal and state law;

    D.    An order holding Defendants jointly and severally liable for litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law:

    E.    That judgment be entered in favor of Plaintiff and against the Defendants for defamation in an amount greater than $75,000.00, plus punitive damages in an amount greater than $75,000.00; and

    F.    Such other and further relief as this Court deems just and proper.

Dated this 7th day of January, 2010.

/s/ Michelle Price Massingale
Michelle Price Massingale (NC Bar #29628)
Sellers, Hinshaw, Ayers, Dortch & Lyons, P. A.
410 Cameron-Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204-2686
(704) 377-5050